**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLES A. WINSTON,                                                                 PLAINTIFF
ADC #84733

v.                                        NO. 5:12CV00430 JLH/JTR

YOLONDA CLARK, Captain, Varner Unit,
Arkansas Department of Correction, *et al.*                          DEFENDANTS

## OPINION AND ORDER

Charles A. Winston is a prisoner in the Varner Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 complaint alleging that defendants violated his constitutional rights. For the following reasons, the complaint will be dismissed without prejudice for failing to state a claim upon which relief may be granted.

## I. Discussion

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

## II. Allegations

In December of 2011, Winston received a medical script stating that he was to receive an HS

snack with his 6:00 p.m. dose of Naproxen.[1]  *See* Document #1, Ex. A.   Importantly, the script did

not specify what the HS snack must include.

 While Winston was in prison at the East Arkansas Regional Unit ("EARU"), he routinely

received a sandwich and two cartons of milk for his HS snack.   However, when Winston was

transferred to the Varner Unit, in March of 2012, he began to receive only a sandwich, and no milk.

On July 4, 2012, Winston wrote a grievance alleging that defendant Yolanda Clark was failing to

give him milk with his HS snack.  *Id.*, Ex. J.   A few days later, Clark wrote defendant Kay Skillen,

who is an ADC dietician, an email asking whether a prisoner's HS snack should include a sandwich

and milk.  *Id.,* Ex. K.  Skillen explained that an inmate only needs one slice of bread as his HS snack.

*Id.*  Thereafter, Clark gave Winston one slice of bread for his HS snack, and not a sandwich or milk.

 Although it is unclear, it appears that defendant nurse Connie Hubbard also determined that it was

appropriate for Winston to receive a slice of bread for his HS snack.

 On September 10, 2012, Winston was examined by defendant Dr. Ojiugo Iko.   During that

appointment, Dr. Iko changed Winston's evening dose of pain medication from 500 mg of Naproxen

to 500 mg of Tylenol.   However, Winston does not like to take Tylenol because, in the 1980's, an

unknown person killed several people in the Chicago area by poisoning several bottles of that

medication.

## A. Inadequate Medical Care Claims

 Winston alleges that Defendants provided him with inadequate medical care at the Varner

Unit when they: (1) gave him a slice of bread for his HS snack, instead of a sandwich and two

---

[1] Winston claims that he was taking 500 mg of Naproxen, three times a day for treatment of chronic pain in his feet, knee, and neck.  The HS snack is given with medications that are not suppose to be taken on an empty stomach.

cartons of milk as he was accustomed to receiving at the EARU; and (2) changed his evening dose of Naproxen to Tylenol.

To state a viable inadequate medical care claim, a prisoner must allege facts demonstrating that:  (1) he had an objectively serious medical need; and (2) prison officials subjectively knew of, but deliberately disregarded, that serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  As to the second element, the Eighth Circuit has explained that a mere disagreement with the medical treatment decisions does not rise to the level of a constitutional violation, nor does negligence or gross negligence. *Langford,* 614 F.3d at 460; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Winston does not allege any facts suggesting that he had an objectively serious medical need to receive a sandwich and milk as his HS snack or that any of the defendants were subjectively aware of such a need.   Additionally, Winston has not explained how he was harmed by receiving only a slice of bread with his medication.   Instead, he merely disagrees with a dietician's and a nurse's determination that a slice of bread was a sufficient HS snack.  Such a mere disagreement with the course of medical care is not actionable.

Similarly, Winston's mere disagreement with Dr. Iko's decision to switch him from Naproxen to Tylenol is not actionable.  Winston alleges that he has stayed away from Tylenol "since it was laced with poison and caused several people's death," which appears to be a reference to a series of deaths in Chicago in 1982 caused by the ingestion of Tylenol capsules laced with cyanide. *See People v. Arnold*, 139 Ill. App. 3d 429, 431, 487 N.E.2d 997, 999 (Ill. App. 1 Dist. 1985). Winston does not allege that he has any reason to believe that the Tylenol provided to him has been

poisoned, nor that he has any objective medical reason, such as adverse side effects or ineffectiveness, to decline Tylenol.  Accordingly, Winston has failed to state any viable inadequate medical care claims.

## B.     Retaliation Claim

Winston also alleges that, after he filed his July 4, 2012 grievance against Clark, she retaliated against him by giving him a single slice of bread as his HS snack, instead of a sandwich.

In state a viable retaliation claim, a prisoner must allege facts demonstrating that:  (1) he engaged in constitutionally protected activity; (2) defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was the actual motivating factor for the adverse action.  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Filing a prison grievance is a constitutionally protected activity.  *Lewis,* 486 F.3d at 1029. However, it is doubtful that receiving a slice of bread, as opposed to a sandwich, would be sufficient adverse action to satisfy the second element of the retaliation analysis.  *See Walker v. Bowersox*, 526 F.3d 1186, 1190 (8th Cir. 2008) (giving an inmate an alternative meal instead of his special food tray was not a sufficient adverse action to sustain a retaliation claim).  More importantly, as to the third factor, the retaliation must have been the actual motivating factor, which means that the adverse action would not have occurred "but for a retaliatory motive."  *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009).  In other words, the prisoner cannot prevail if the adverse action was taken for a legitimate reason, as well as for an improper retaliatory motive.  *Webb v. Hedrick*, 409 Fed. Appx. 33, 35, 2010 WL 4366438, *1 (8th Cir. Nov. 5, 2010) (unpublished opinion) (explaining that a prisoner cannot prevail "if retaliation was one factor" in the defendants' decision); *Ponchik v. Bogan*,

929 F.3d 419, 420 (8th Cir. 1991) (rejecting a retaliation claim even when retaliation was only one of the factors leading to the inmate's transfer).

As previously explained, the documents attached to Winston's complaint demonstrate that Clark gave Winston a slice of bread as his HS snack (instead of a sandwich) after she was advised by a dietician that was proper to do so.  Thus, even if Winston could produce evidence that Clark was motivated, in part, by retaliation, it would not have been the sole reason for the change in his HS snack.  Accordingly, Winston has not pled a viable retaliation claim.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Pursuant to 28 U.S.C. § 1915A, this case is DISMISSED WITHOUT PREJUDICE for failing to state a claim upon which relief maybe granted.

2.      Dismissal constitutes a "STRIKE" as defined by 28 U.S.C. § 1915(g).

3.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

DATED this 27th day of November, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE